UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE NATIONAL WORLD WAR II MUSEUM, INC.** | **CIVIL ACTION NO.** |
| Plaintiff. | **JUDGE** |
| | **MAGISTRATE** |
| **VERSUS** | |
| **TALISMAN CASUALTY INSURANCE COMPANY, LLC** | |
| Defendant. | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Talisman Casualty Insurance Company ("Talisman"), which respectfully files this Notice of Removal under the authority of 28 U.S.C. § 1441(c)(1).

## PROCEDURAL HISTORY

1. The state court action that is removed to this Court was filed by Plaintiff, the National World War II Museum, Inc., in the Civil District Court, Parish of Orleans, State of Louisiana on September 27, 2019, against Talisman alleging Breach of Surety Agreement Detrimental Reliance, and Negligent Misrepresentation against Defendant. A true and correct copy of the Complaint is found in the complete state court file for case number 2019-10190 attached as Exhibit A.

2. Plaintiff alleges that Defendant issued a bond to a steel supplier, Gava Steel, on a construction project at the World War II Museum. According to the Petition, this lawsuit arises out of a breach of this alleged surety supply bond.

3. Plaintiff seeks an award of compensatory damages in the amount of the penal sum of the

1

alleged supply bond, in the amount of $2,952,659, plus attorney's fees and interests. *See* Ex. "A".

4. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

5. This Notice of Removal is filed in the United States District Court for the Eastern District of Louisiana, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1446(a).

6. Talisman was served with the Petition on September 30, 2019.

7. This Notice of Removal is filed within thirty (30) days of service upon Defendant. One year has not expired since the commencement of the action. Consequently, the notice of removal is timely filed under 28 U.S.C. §1446(b).

## BASIS OF REMOVAL

8. A party seeking a federal venue must demonstrate that the federal court has jurisdiction over the case.[1] As demonstrated below, this case is removable pursuant to 28 U.S.C. § 1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

9. The complaint is clear on its face as to the amount in controversy. "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R and H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (internal citations omitted.) Plaintiff seeks the "penal sum" for compensatory damages as stated above. Thus, the amount in controversy in this matter exceeds the $75,000.00 jurisdictional threshold.

10. The parties are citizens of different States. According to the Petition, Plaintiff is a resident

---

[1] See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

citizen of the State of Louisiana. *See* Ex. "A".

11. Talisman is now, and was at the time Plaintiff filed its Petition, a Sponsored/Series LLC Captive Insurer organized under the laws of the State of Nevada with its principal place of business located in Las Vegas, Nevada.

12. Captive insurance is a regulated form of self-insurance, in which the insurer is owned wholly by the insureds. It is organized for the purpose of self-funding the owners' risks. The term "captive" refers to the company's ownership. An insurance company that insures its parent (owner) is said to be captive to that parent.

13. The Nevada Sponsored/Series LLC Captive Insurer created under NRS 694C.195 has the following specific qualities:

   (a) the minimum capital and surplus required by law is provided by one or more sponsors;

   (b) the insurer only insures risk or its participants through separate participant contracts; and

   (c) the insurer funds the liability for each participant through one or more protected cells where the assets of each protected cell are segregated from the assets of the general account of the sponsored captive insurer.

14. NRS 694C.195(2)(c) also specifically provides, "The assets of a protected cell must not be chargeable with liabilities arising out of any other insurance business which the sponsored captive insurer may conduct."

15. The participant in the protected cell that allegedly issued the bond sued upon on in this matter are the only participants of Talisman that are the proper parties under the "real-parties in interest test".[2]

16. The cell is similar to a syndicate in that only the participants in that particular cell should

---

[2] *Carden v. Arkoma Assocs.,* 494 U.S. at 187 n. 1, 110 S.Ct. 1015; Wright, Federal Practice & Proc. § 1556 (2d ed. 1990)). Under this test, if one of the "nondiverse" parties is not a real party in interest, and is purely a formal or nominal party, his presence may be ignored when determining jurisdiction.

be relevant for diversity purposes.[3] These participants finance the insurance market of that cell and ultimately insure the risks. Each participant in this cell is expose to unlimited liability for their proportionate share of the loss on the particular policy that the cell has issued.

17. This cell is entitled "Protected Cell #01" and is comprised of 164 participants.[4] See Exhibit C, a copy of Talisman's license and Protected Cell #01's certificate of participation from the State of Nevada, Division of Insurance.

18. The citizenship of the participants of that cell are as follows:

   a. Alabama,
   b. Arkansas,
   c. California,
   d. Colorado,
   e. Connecticut,
   f. Florida,
   g. Georgia,
   h. Hawaii,
   i. Indiana,
   j. Maine,
   k. Maryland,
   l. Massachusetts,

---

[3] *McAuslin v. Grinnell Corporation*, 2000 WL 1059850 *3-*4 (E.D.La. Aug.1, 2000). *Aetna Cas. & Surety Co. v. Iso–Tex, Inc.*, 75 F.3d 216, 218 (5th Cir.1996).
[4] Note that Plaintiff incorrectly alleges in its Petition that Jeffrey Schaff is the only member of the LLC. Mr. Schaff is not a member of Talisman. He is a manger and is not part of the cell that allegedly issued the bond sued upon on this matter. Therefore, Mr. Schaff's citizenship is a non-issue to the diversity determination in this matter.

    m. Michigan,

    n. Minnesota,

    o. Missouri,

    p. Nebraska,

    q. Nevada,

    r. New Jersey,

    s. New Mexico,

    t. New York,

    u. North Carolina,

    v. Ohio,

    w. Oklahoma,

    x. Pennsylvania,

    y. South Carolina,

    z. Tennessee,

    aa. Texas,

    bb. Virginia,

    cc. West Virginian,

    dd. Wyoming,

    ee. Ontario, Canada, and

    ff. U.S. Virgin Islands.

19. Each member's specific citizenship has been identified in Exhibit B, which has been attached, under seal, to this pleading to prevent the dissemination of sensitive confidential, proprietary, and trade secret information of direct and indirect limited partners or investors

in Talisman.

20. There are no participants of the protected cell with a citizenship of the State of Louisiana.

21. Copies of all of the process and pleadings served upon Defendant in this case are contained within the attached Exhibit A, which is a complete copy of the court file.

22. Concurrent with the filing of this Notice of Removal, Defendant is giving written notice of the Notice of Removal to the Civil District Court, Parish of Orleans, State of Louisiana and to counsel for the Plaintiff.

23. This removal is filed by the only Defendant, Talisman.

24. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter including any procedural or substantive defense available.

## CONCLUSION

In light of the foregoing, Defendant, Talisman Casualty Insurance Company, LLC, hereby removes this action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441(c)(1).

Defendant Talisman Casualty Insurance Company, LLC prays that this Court will consider this Notice of Removal as provided by the law governing removal of cases to this Court, make the proper orders to achieve the removal of this cause from the Judicial District Court of Orleans Parish, Louisiana to this Court, and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the said Judicial District Court.

Respectfully Submitted:

DUNLAP FIORE, LLC

/s/ Jennifer A. Fiore
Jennifer A. Fiore (Bar # 28038)
Erin G. Fonacier (Bar # 33861)
Katelin H. Varnado (Bar # 35498)
6700 Jefferson Highway, Building # 2
Baton Rouge, LA  70806
Telephone: (225) 282-0660
Facsimile: (225) 282-0680
*Attorneys for Talisman Casualty Insurance Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Notice of Removal has been forwarded to all counsel of record by electronic mail this 25th day of October 2019.

/s/ Jennifer A. Fiore
Jennifer A. Fiore