## PLEADINGS INDEX VOLUME I

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.: 2019-10190                                                                DIVISION "D-12"

### THE NATIONAL WORLD WAR II MUSEUM, INC.

### VERSUS

### TALISMAN CASUALTY INSURANCE COMPANY, LLC

FILED:_____            _____
                                                                                             DEPUTY CLERK

| NO. | DESCRIPTION | PARTY | DATE |
|---|---|---|---|
| 1 | Petition | The National World War II Museum, Inc. | 9/27/19 |
| 2 | Citation – Talisman | Court | 9/27/19 |
| 3 | Citation – Talisman through its manager, Jeffrey J. Schaff | Court | 9/27/19 |


EXHIBIT A

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2019 - 10190          DIVISION "_"    D-12

THE NATIONAL WORLD WAR II MUSEUM, INC.

VERSUS

TALISMAN CASUALTY INSURANCE COMPANY, LLC

FILED: _____      _____
                                                                  DEPUTY CLERK

## PETITION

Plaintiff, The National World War II Museum, Inc. ("WWII"), for its Petition against Defendant, Talisman Casualty Insurance Company, LLC, avers as follows:

I.

Plaintiff, WWII, is a non-profit corporation organized and existing under the laws of the State of Louisiana with its principal place of business in Orleans Parish, Louisiana. WWII owns and operates a museum located in New Orleans, Louisiana that is dedicated to preserving and presenting the story of the American experience during World War II.

II.

Defendant herein is Talisman Casualty Insurance Company, LLC ("Talisman"), which is a limited liability company organized and existing under the laws of the State of Nevada comprised of a single member, Jeffrey Schaff, who is a citizen and resident of the State of Louisiana.

III.

By contract executed April 8, 2016 (the "Contract"), entered into between WWII, as owner, and Gava Steel, Inc. ("Gava"), as contractor, Gava agreed to and was obligated to fabricate, ship and deliver a structural steel truss canopy (the "Canopy") to a Gava procured site in New Orleans, Louisiana. Specifically, the work was to include, but was not limited to, the following:

> Connections design, detailing, fabrication, shipping, warehousing, delivery, and all other labor, materials and activities required of the Contractor as indicated in the drawings and specifications for the steel fabrication and finishing, and furnishing and installation of the

RECEIVED SEP 3 0 2019 S & C Claims

tensile membrane designed attachment steel to the steel before galvanizing. The steel shall be delivered to and placed at a site in New Orleans LA, procured by the steel fabricator, of which delivery and placement time sequence shall be as determined by the Owner, steel erector and tensile membrane contractor. The steel will be unloaded by the steel erector. The Work may constitute the whole or a part of the Project with regard to the steel required by the Contract Documents.

IV.

In consideration of the fabrication, shipping and delivery of the Canopy in accordance with the Contract documents, WWII agreed to pay Gava the Contract Sum of TWO MILLION NINE HUNDRED FIFTY-TWO THOUSAND SIX HUNDRED FIFTY-NINE AND NO/100 DOLLARS ($2,952,659.00), subject to any additions and/or deductions as provided in the Contract.

**COUNT I: BREACH OF SURETY AGREEMENT**

V.

The allegations in Paragraphs I through IV of this Petition are re-alleged and incorporated herein by reference.

VI.

Talisman, as surety, issued Bond No. 1377392 (the "Bond") in favor of WWII as obligee, wherein Talisman agreed to indemnify and reimburse WWII for any loss that WWII may suffer through the failure of Gava to furnish the Canopy in accordance with the terms of the Contract, at the times and in the manner therein specified. The Contract was made part of the Bond as fully and to the same extent as if copied at length therein.

VII.

The Bond has a penal sum of TWO MILLION NINE HUNDRED FIFTY-TWO THOUSAND SIX HUNDRED FIFTY-NINE AND NO/100 DOLLARS ($2,952,659.00).

VIII.

On or about October 16, 2017, WWII declared Gava to be in default as a result of Gava's inability and/or failure to fabricate, ship and deliver the Canopy in accordance with the Contract documents.


RECEIVED
SEP 30 2019
S & C Claims

IX.

By letter of October 16, 2017 (erroneously dated 2016), sent by certified mail, return receipt requested, WWII notified Talisman that it had notified Gava that it was in default of the Contract; and that Gava had notified WWII that they did not have sufficient funds to complete fabrication, metalizing, and shipping. Said letter called on Talisman to take the necessary steps to ensure delivery of the steel to New Orleans.

X.

On October 23, 2017, Gava notified WWII that it was stopping work absent additional payments in excess of the Contract Sum.

XI.

On or about November 2, 2017, WWII provided additional information to Talisman regarding the default of Gava and Gava's notification that it was stopping work on the Project.

XII.

Although Talisman has requested and received from WWII voluminous documents, and through its attorney, by letter dated June 5, 2018, Talisman has admitted having issued the Bond, as of the date of the filing of this Petition, Talisman has failed to, in any way, honor its obligations under the Bond.

XIII.

As a result of Gava's failure to perform its obligations in accordance with the Contract, in order to mitigate its damages and procure the Canopy in the most economical and efficient manner, WWII paid to Gava amounts in excess of the Contract sum and paid to third-parties additional amounts, resulting in significant damages to WWII.

XIV.

WWII incurred additional damages as a result of delays caused by Gava's failure to perform its obligations in accordance with the Contract.

XV.

WWII incurred additional damages because Gava failed to pay its subcontractors and/or suppliers, and the work which Gava performed was defective, deficient and did not conform with the contract documents.

RECEIVED SEP 30 2019 S&C Claims

XVI.

As a result of the foregoing, Talisman is liable to WWII in the full principal sum of TWO MILLION NINE HUNDRED FIFTY-TWO THOUSAND SIX HUNDRED FIFTY-NINE AND NO/100 DOLLARS ($2,952,659.00) plus 10% attorneys' fees pursuant to La. R.S. 9:3902, legal interest in accordance with law, and all costs of these proceedings.

**COUNT II: DETRIMENTAL RELIANCE**

XVII.

The allegations in Paragraphs I through XVI of this Petition are re-alleged and incorporated herein by reference.

XVIII.

Talisman is also liable to WWII under the doctrine of detrimental reliance, which is designed to prevent injustice by barring a party from taking a position contrary to its own prior acts, admissions, representations, or silence.

XIX.

Talisman promised and represented to WWII that it would work with Gava to complete the Canopy by, among other things, using its expertise to assist Gava with cost issues and transportation.

XX.

Talisman knew, or should have known, that WWII would rely upon Talisman's promises and or representations.

XXI.

WWII reasonably relied, to its detriment, upon Talisman's promise that it would assist Gava. In reliance on Talisman's promises and representations, WWII paid Gava additional funds over and above the agreed Contract price after having declared Gava to be in default.

XXII.

WWII incurred damages due to its reasonable reliance on Talisman's promise by, among other things, paying Gava sums that were well above the stipulated Contract price. As a result, WWII is entitled to damages from Talisman under Louisiana Civil Code article 1967.

RECEIVED SEP 30 2019

## COUNT III: NEGLIGENT MISREPRESENTATION

### XXIII.

The allegations in Paragraphs I through XXIII of this Petition are re-alleged and incorporated herein by reference.

### XXIV.

Talisman owed a duty to WWII to provide correct, complete, and non-misleading information.

### XXV.

Talisman breached this duty by providing WWII with false and/or misleading information regarding Talisman's intention to honor its obligations and assist Gava in completing the Canopy.

### XXVI.

WWII reasonably relied on Talisman's misrepresentations regarding its ability and willingness to help Gava complete the Canopy.

### XXVII.

As a result of WWII's reasonable reliance on Talisman's misrepresentations, WWII paid Gava funds that greatly exceeded the agreed Contract price following the declaration of default. Talisman is liable to WWII for damages caused by Talisman's negligent misrepresentations pursuant to Louisiana Civil Code article 2315.

### XXVIII.

WWII demands a trial by jury on all issues and claims.

**WHEREFORE,** after due proceedings, The National World War II Museum, Inc. prays for judgment in its favor, and against Talisman Casualty Insurance Company, LLC, for all damages suffered by The National World War II Museum, Inc., including, but not limited to, the full principal amount of TWO MILLION NINE HUNDRED FIFTY-TWO THOUSAND SIX HUNDRED FIFTY-NINE AND NO/100 DOLLARS ($2,952,659.00), 10% attorneys' fees, legal

interest in accordance with the law, all costs of these proceedings, and any other relief to which The National World War II Museum, Inc. may be entitled.

Respectfully submitted,

H. Bruce Shreves (Bar No. 12040)
Jay H. Kern (Bar No. 7345)
Denise C. Puente (Bar No. 18390)
Douglass F. Wynne, Jr. (Bar No. 32019)
SIMON, PERAGINE, SMITH & REDFEARN, LLP
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000

Shannon S. Holtzman (Bar No. 19933)
Sean Toomey (Bar No. 36055)
Mark R. Deethardt (Bar No. 34511)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

*Attorneys for The National World War II Museum, Inc.*

**PLEASE SERVE:**

**Talisman Casualty Insurance Company**
Through its Manager
Jeffrey J. Schaff
377 Autumn lakes Road
Slidell, LA 70461

And

**SERVICE THROUGH THE LOUISIANA LONG-ARM STATUTE:**

**Talisman Casualty Insurance Company**
Through its registered Agent
David Oakden
7881 W. Charleston Blvd., Suite 210
Las Vegas, NV 89117

ATTORNEY'S NAME:   Shreves, H B 12040
AND ADDRESS:   1100 Poydras Street, 30th Floor, New Orleans, LA 70163-3000

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-10190     DIVISION: D     SECTION: 12

### THE NATIONAL WORLD WAR II MUSEUM, INC.

Versus

### TALISMAN CASUALTY INSURANCE COMPANY, LLC

### CITATION - LONG ARM

TO:   TALISMAN CASUALTY INSURANCE COMPANY, LLC
THROUGH:   THE LOUISIANA LONG ARM STATUTE REGISTERED AGENT DAVID OAKDEN
7881 W. CHARLESTON BLVD SUITE 210, LAS VEGAS, NV 89117

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Breach of Contract

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA September 27, 2019

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by
Damien Brown, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within Petition for Breach of Contract ON TALISMAN CASUALTY INSURANCE COMPANY, LLC THROUGH: THE LOUISIANA LONG ARM STATUTE REGISTERED AGENT DAVID OAKDEN Returned the same day _____ No. _____ Deputy Sheriff of _____ Mileage: $ _____ ___/ ENTERED /___ PAPER   RETURN ___/___/___ SERIAL NO.  DEPUTY  PARISH | On this _____ day of _____ served a copy of the within Petition for Breach of Contract ON TALISMAN CASUALTY INSURANCE COMPANY, LLC THROUGH: THE LOUISIANA LONG ARM STATUTE REGISTERED AGENT DAVID OAKDEN by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said TALISMAN CASUALTY INSURANCE COMPANY, LLC being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |



ID: 10307364     Page 1 of 1

ATTORNEY'S NAME: Shreves, H B 12040
AND ADDRESS: 1100 Poydras Street, 30th Floor, New Orleans, LA 70163-3000

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-10190     DIVISION: D     SECTION: 12

### THE NATIONAL WORLD WAR II MUSEUM, INC.

Versus

### TALISMAN CASUALTY INSURANCE COMPANY, LLC

### CITATION

TO: TALISMAN CASUALTY INSURANCE COMPANY
THROUGH: ITS MANAGER JEFFREY J. SCHAFF
377 AUTUMA LAKES ROAD, SLIDELL, LA 70461

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Breach of Contract

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA September 27, 2019

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Damien Brown, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within **Petition for Breach of Contract** ON TALISMAN CASUALTY INSURANCE COMPANY THROUGH: ITS MANAGER JEFFREY J. SCHAFF Returned the same day _____ No. ____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / _____ PAPER   RETURN ___ / ___ / ___ SERIAL NO.   DEPUTY   PARISH | On this _____ day of _____ served a copy of the within **Petition for Breach of Contract** ON TALISMAN CASUALTY INSURANCE COMPANY THROUGH: ITS MANAGER JEFFREY J. SCHAFF by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said TALISMAN CASUALTY INSURANCE COMPANY being absent from the domicile at time of said service. Returned the same day _____ No. ____ Deputy Sheriff of _____ |

ID: 10307363         Page 1 of 1