# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE NATIONAL WW II MUSEUM, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13279** |
| **TALISMAN CASUALTY INS. CO., LLC** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 8) is **GRANTED**, and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

## BACKGROUND

Plaintiff, the National WW II Museum, Inc. ("the Museum"), filed suit against defendant, Talisman Casualty Insurance Company, LLC ("Talisman") to enforce Talisman's obligations under a bond issued by Talisman covering the performance of Gava Steel, Inc., a contractor retained by the Museum to manufacture a steel canopy for the Museum. Talisman removed the matter to this court based on diversity jurisdiction, and the Museum now moves to remand, contending there is no diversity between the parties, because Talisman is a Louisiana citizen due to the fact that it is an LLC whose members include Louisiana citizens.

Talisman describes itself as "a unique and highly regulated limited-liability company

(LLC) sponsored captive insurer[1] with no members," organized under the state laws of Nevada, in which the insurer is owned wholly by the insureds. A captive insurer is organized for self-funding the owners' risks, and may take the form of a corporation, limited-liability company,

---

[1] "Sponsored Captive Insurer" means any captive insurer:

1. In which the minimum capital and surplus required by applicable law is provided by one or more sponsors;

2. That is formed or licensed pursuant to this chapter;

3. That only insures the risks of its participants through separate participant contracts; and

4. That funds the liability for each participant through one or more protected cells where the assets of each protected cell are segregated from the assets of other protected cells and the assets of the general account of the sponsored captive insurer."

Nev. Rev. Stat. Ann. § 694C.147.

A "participant" is

a corporation, association, limited-liability company, partnership, trust, sponsor or other business organization, and any affiliate thereof, that is insured by a sponsored captive insurer, where the losses of the participant are limited by a participant contract to the participant's pro rata share of the assets of one or more protected cells identified in such participant contract.

Nev. Rev. Stat. Ann. § 694C.113.

"Protected cell" means a separate account established by a sponsored captive insurer in which assets are maintained for one or more participants in accordance with the terms of one or more participant contracts that fund the liability of the sponsored captive insurer assumed on behalf of the participants as set forth in the participant contracts.

Nev. Rev. Stat. Ann. § 694C.117.

partnership, association or other form of business. See Nev. Rev. Stat. Ann. § 694C.010, et seq.

Emphasizing that it has no members, Talisman argues that for purposes of determining its citizenship, it should be treated as a corporation, rather than a limited liability company. In support of this contention, Talisman suggests that because it is a unique and highly regulated business structure, and no law presently exists to address the citizenship of an LLC-sponsored captive insurer, this court should make new law treating it as a corporation. Alternatively, Talisman contends that because it is composed of multiple "protected cells" which issue bonds individually, and the protected cell which is liable under the bond in this case, protected cell #01, does not include any Louisiana citizens or residents, the court should consider only the citizenship of participants in protected cell #01. Talisman acknowledges that it does include protected cells in which Louisiana citizens are participants. However, it claims that because those cells are not liable on the bond, they are not the "real party in interest," and thus their citizenship should be ignored.

## LEGAL STANDARDS

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be

3

strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

## ANALYSIS

Defendants removed this action alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different States. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). As with limited partnerships and other unincorporated associations or entities, the citizenship of a limited liability company is determined by the citizenship of all of its members. Id. at 1080.

"Because the citizenship of a limited liability company is the citizenship of its members at the time of filing, a company that has no members at that time is effectively stateless." WRIGHT & MILLER, 13E FED. PRAC. & PROC. JURIS. § 3611 (3d ed.), n. 26 (citing ConnectU LLC v. Zuckerberg, 482 F. Supp. 2d 3 (D. Mass. 2007), rev'd on other grounds, 522 F.3d 82 (1st Cir. 2008)). Diversity jurisdiction does not exist because an LLC with no members cannot meet the Section 1332(a)(1) requirement that the dispute be between citizens of different states. Id. Acknowledging that the "case law discussing the unusual situation of citizenship of an LLC without members is sparse," another district court has found that if a limited liability company "is deemed to have no members, it is then stateless and . . . there is no basis for finding diversity

4

of citizenship as to it." State Farm Fire & Cas. Co. v. Electrolux Home Prod., Inc., 397 F. Supp. 3d 749, 751-52 (E.D. Pa. 2019) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); see also, Eagle TX I SPE, L.L.C. v. Sharif & Munir Enterprises, Inc., 602 F. App'x 576, 578 (5th Cir. 2015)(partnership with a stateless entity destroys diversity); Lehmann v. Davidson Hotel Co., LLC, 2015 WL 867799, at *3 (E.D. Mo. Feb. 27, 2015)( "defendant . . . is effectively rendered 'stateless' for purposes of federal diversity jurisdiction because its sole member has no members. Defendant therefore cannot show that this dispute is between citizens of different states, and subject matter jurisdiction is lacking.").

In the present case, Talisman has supplied an affidavit attesting that it has no members. Rec. Doc. 10-1, Aff. of Chris Marcantel. Accordingly, based on the foregoing precedents, Talisman is stateless and it cannot establish diversity of citizenship. Talisman suggests that despite this fact, because no law presently exists specifically addressing the citizenship of an LLC-sponsored captive insurer, this court should make new law treating captive insurance companies as corporations. Since its decision 175 years ago in Louisville, C.,& C.R. Co. v. Letson, 43 U.S. 497, 558 (1844), announcing a rule that made it easier for corporations to invoke diversity jurisdiction, on all of the subsequent occasions in which the Supreme Court has been asked to adopt a citizenship rule that had the effect of expanding business entities' access to federal courts based on diversity, the Supreme Court has taken the opposite tack, choosing an interpretation that restricts diversity jurisdiction. Deliverance Poker, LLC v. Tiltware, LLC, 771 F. Supp. 2d 658, 663 (W.D. Tex. 2011) (discussing cases). The court declines to deviate from

that example.² Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 8) is **GRANTED**, and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this  5th   day of February, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

² Even setting aside Talisman's contention that is has no members, the Supreme Court directs courts to consider the citizenship of "'the several persons composing such association,'" Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)(quoting Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449 (1900)). In this case, the limited liability company is composed of the protected cells and their participants. While Talisman urges the court to consider only the citizenship of one cell, due to the fact that its participants are the only ones actually liable on the bond, the Museum has brought suit against Talisman, not a single cell. Moreover, the Supreme Court has already addressed the question of excluding the citizenship of some members of a business organization because they did not "manage the assets, control the litigation, and bear the risk of liability" – the so-called "real party to the controversy" test – and rejected it, stating "we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' 'the several persons composing such association,' [and] 'each of its members,'" Carden, 494 U.S. 185, 195–96 (internal citations omitted).